United States District Court
Southern District of Texas
**ENTERED**
April 04, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| KEVIN D. SMETHERS, *et al,* | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 6:16-CV-58 |
| | § | |
| BELL HELICOPTER TEXTRON INC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiffs Kevin D. and Cheryl A. Smethers's (together, "Smethers") Amended Motion to Remand. Dkt. 10. After considering the parties' responsive pleading, relevant authority, and for reasons explained below, the Motion to Remand will be granted.

### I. Background

Smethers filed suit in the 24th District Court of Refugio County, Texas. Smethers named Bell as the lone defendant. Dkt. 1-1. Smethers provided Bell with a courtesy copy of the Complaint on the same day it was filed but before formal service was performed. The 24th District Court issued a citation for Bell to Smethers the next day. A day later, and before being served, Bell filed its Notice of Removal, removing the case to this Court. Bell's sole basis for removal was the complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332. Smethers then filed its amended motion to remand pursuant to 28 U.S.C. § 1447(c). The motion to remand asserts that Bell is a forum defendant, having its principal place of business in Fort Worth, Texas. As

such, Smethers argues that removal violates the spirit—if not the plain language—of 28 U.S.C. § 1441's 'forum-defendant rule.'

## II. Discussion

### A. Standard of Review

Generally, a defendant may remove to federal court any state court civil action over which the federal court would have "original jurisdiction." 28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281 (5th Cir.2007). Federal courts have "original jurisdiction" over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Under the provision known as the forum-defendant rule, "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined **and served** as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

District courts must remand cases before them "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.2000). The removing party therefore bears the burden of showing by a preponderance of the evidence that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002).

## B. The Forum Defendant Rule and 'Snap Removal'

In the present action, it is undisputed that: 1) removal is based solely upon diversity of citizenship; 2) complete diversity exists between the parties; 3) Bell is a citizen of Texas, the forum state; and 4) Bell had not been served at the time of removal. Smethers argues that removal is procedurally improper. Specifically, Smethers argues that Bell engaged in 'snap removal,' relying upon a loophole in the language of the statute and subverting its underlying legislative intent. Bell counters that the plain language of the statute permits removal here and that—in any case—this is not an example of snap removal. Bell is correct that the plain language of the statute permits removal of this claim. The dispositive issue then is whether the Court should look beyond the plain language of the statute to determine whether to remand the case.

The alleged loophole known as 'snap removal' is created by the phrase 'properly joined and served' contained in 28 U.S.C. § 1441(b)(2). Judge Boyle of the Dallas division of the United States Southern District of Texas recently and thoroughly examined the phenomenon of snap removal. *See Breitweiser v. Chesapeake Energy Corp.,* CIVIL ACTION NO. 3:15-CV-2043-B, 2015 WL 6322625 (N.D. Tex. October. 20, 2015). Snap removal refers to "the emerging litigation tactic used . . . to circumvent the forum defendant rule." *Id.* at *2. Because removal here is prohibited only where the defendant has been served, defendants can remove "almost immediately after a plaintiff files in state court, but before the plaintiff has the opportunity to formally serve a forum defendant." *Id.* Judge Boyle further explains that,

> The hallmark of a snap removal is its timing:  a snap removal occurs (1) just after the state court case has been filed, and (2) just before the plaintiff has the opportunity to serve any forum defendants.  This particular timing of events creates a possible loophole in the forum-defendant rule . . . .  This loophole has been used [by forum defendants] with variable rates of success . . . .

*Id.* at *3.  Essentially, the difference between 'snap' and 'proper' removal is "one of degree, not of kind."  *See Lovell Mauf'g Co. v. Cary*, 147 U.S. 472, 476 (1893).

## C. District Court Split and Dearth of Guidance

U.S. district courts are divided on their application of the forum defendant rule.  *See Carrs v. AVCO Corp.*, Civil Action No. 3:11-CV-3423-L, 2012 WL 1945629, at *2 (N.D. Tex. May 30, 2012).  Appellate courts, which generally do not review district court orders to remand, are unlikely to resolve this issue.  *See, e.g., Scarlott v. Nissan North America, Inc.*, 771 F.3d 883 (5th Cir. 2014).  In fact, no federal appellate court has expressly ruled on snap removal.  Arthur Hellman et al, *Neutralizing the Stratagem of "Snap Removal": A proposed Amendment to the Judicial Code*, 9 Fed. Cts. L. Rev. 103, 106 (2016).  The lack of an appellate decision makes the prospect of a Supreme Court decision on the issue unlikely.  *Id.* at 106-107.

Congress has also remained silent on the issue of snap removal.  § 1441 was originally enacted in 1948.  *See* 28 U.S.C. § 1441 (1948).  However, Congress declined to amend the statute's 'joined and served' language despite "dramatically overhauling" the removal statute in 2011.  *Breitweiser*, 2015 WL 6322625, at *5; *see* Federal Court Jurisdiction and Venue Clarification Act of 2011 (FCJVCA), Pub. L. No. 112-63, 125

Stat. 758.  Congressional silence continues in the context of a growing number of district court opinions addressing the issue.

Several recent decisions by sister Texas districts prove instructive.  In *Carrs v. AVCO Corp.*, the court held that removal prior to service on an in-state defendant was proper.  3:11-CV-3423-L, 2012 WL 1945629, at *3 (N.D. Tex. May 30, 2012).  There, one of the four out-of-state co-defendants removed the case before any defendant—including the lone in-state defendant—had been served.  The court relied upon the clear language of the statute in the face of congressional silence.  *Id.*  Likewise, the court in *Reynolds v. Johnson et al* denied the plaintiff's motion to remand.  139 F. Supp. 3d 838, 839 (W.D. Tex. 2015).  There, the non-forum defendant removed the case twenty-five days after being served and more than two months before the forum defendant was served.  *Id.* at 840.  In denying the motion to remand, the court reasoned that, while it was concerned "that allowing removal prior to service on a forum defendant would allow forum manipulation by defendants, this concern does not override the plain language of the statute."  *Id.* at 842.  The court in *Breitweiser v. Chesapeake Energy Corp.* found that snap removal was proper when performed by a non-forum defendant.  CIVIL ACTION NO. 3:15-CV-2043-B, 2015 WL 6322625, at *7 (N.D. Tex. October. 20, 2015).  There, the court noted obvious signs of gamesmanship.  *Id.*  However, it held that denying remand based on the plain language of the statue "does not reach an absurd or unreasonable result" when snap removal occurs at the hands of a non-forum defendant.

In contrast, the Court in *Vail v. Oxy USA WTP LP* held that allowing removal under similar circumstances would be "absurd and contrary to the policy of law on

diversity." Civil Action No. 4:14-CV-1462, 2014 WL 3428977, at *2 (S.D. Tex. July 11, 2014). There, the co-defendants were all residents of the forum state. Relying on the underlying purpose of federal diversity jurisdiction, (i.e., "to provide a non-resident defendant with a non-prejudicial forum"), the Court reasoned that forum residents "cannot 'game' the judicial process by removing a diverse plaintiff's case to federal court where the plaintiff has chosen to sue the defendants where they reside." *Id.*

## D. Application

Upon examination of recent opinions on this issue, several factors stand out as relevant to a determination of whether snap removal has occurred, and whether it is nevertheless proper. These factors include: 1) the length of time between filing the complaint and removal; 2) the number of defendants; and 3) whether the removing co-defendant is a forum resident. Here, all factors point in favor of remand. Here, Bell removed the case two days after Smethers filed the state court complaint. Removal occurred a day after receiving a courtesy citation and a day before formal service occurred. Further, Bell is the sole defendant and is a forum defendant.

The Court must conclude that Bell's attempt at removal "bears the telltale signs of gamesmanship and forum manipulation." *Breitweiser v. Chesapeake Energy Corp.*, CIVIL ACTION NO. 3:15-CV-2043-B, 2015 WL 6322625, at *7 (N.D. Tex. October. 20, 2015). As the lone, forum-resident defendant, the purpose of the statute (i.e., "to provide a non-resident defendant with a non-prejudicial forum"), is not served by allowing such gamesmanship to stand. The Court therefore finds that Bell's Notice of Removal was an improper example of snap removal.

### III. Conclusion

Given the limited jurisdiction of federal district courts, the mandate to resolve doubts in favor of remanding, and the circumstances in this case, the Court **REMANDS** the case to the 24th District Court of Refugio County, Texas. All pending motions are hereby **DENIED as moot**.

SIGNED on ~~April 3~~ , 2017 at Galveston, Texas.

George C. Hanks, Jr.
United States District Judge